### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JOSEPH WELLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>1. STATE FARM MUTUAL )<br>AUTOMOBILE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-15-809-C<br><br>*Honorable* |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Oklahoma County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

#### Timeliness of Removal

1.  Plaintiff commenced this action by filing the Petition in the District Court of Oklahoma County, on June 22, 2015.

2.  State Farm was served via the Oklahoma Insurance Commissioner on June 30, 2015.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "4"**.

4. This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

**Diversity Jurisdiction**

5. At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity among Plaintiff and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Allegations and Claims in the Petition**

8. According to Plaintiff's Petition, the underlying lawsuit arises out an automobile accident involving Plaintiff and Amber McGee, which occurred on or about

February 28, 2014. At the time of the accident, Plaintiff had a policy of automobile insurance, number 3192-877-36, issued by State Farm, which contained a provision for uninsured/underinsured motorist coverage. Plaintiff contends the policy was in full force and effect at the time of the accident and further contends State Farm has breached the insurance contract and caused Plaintiff damages. Plaintiff also contends that State Farm failed to deal fairly and in good faith with Plaintiff.

9. At the time that suit was filed and up to this day State Farm was continuing its investigation into Plaintiff's claims and to date has not denied any UM/UIM payment due or owing to Plaintiff. State Farm has made several offers to Plaintiff, which were rejected by Plaintiff. State Farm offered to tender to Plaintiff the uninsured/underinsured motorist coverage limits available under his policy prior to State Farm becoming aware that Plaintiff had filed this lawsuit.

10. Plaintiff alleges that State Farm breached its contract with Plaintiff and that State Farm breached its duty of good faith and fair dealing. All of this is denied by State Farm. Additionally, State Farm affirmatively states that it offered to tender to Plaintiff the uninsured/underinsured motorist coverage limits available under his policy prior to State Farm becoming aware that Plaintiff had filed this lawsuit.

**Amount in Controversy**

11. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a.    Plaintiff alleges that State Farm owed a duty of good faith and fair dealing to Plaintiff which he claims State Farm breached.

    b.    Plaintiff's Petition also includes allegations that State Farm acted willfully and intentionally. Plaintiff seeks punitive damages pursuant to Oklahoma law. *See* 23 O.S. §9.1(B) (which allows recovery of punitive damages not to exceed the greater of $100,000.00 or the amount of actual damages awarded if defendant is found to have recklessly disregarded its duty to deal fairly and act in good faith with its insured) and 23 O.S. §9.1(C) (which allows recovery of punitive damages not to exceed the greater of $500,000.00 or twice the amount of actual damages awarded if defendant is found to have intentionally and with malice breached its duty to deal fairly and act in good faith with its insured).

    c.    Plaintiff's Petition includes allegations of breach of contract by State Farm for failing pay Plaintiff's UM/UIM claim.

    d.    In his First Cause of Action, Plaintiff specifically states in his Petition that he is seeking "damages in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00)." In his Second Cause of Action, Plaintiff specifically states in his Petition that he "has suffered damages in the amount of $500,000.00, plus attorney fees, costs and interest."

12.    While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d

871 (10th Cir. 1995).  *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

13. Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

14. State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. . . .

Plaintiff seeks actual damages in excess of the amount required for diversity jurisdiction.  State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely.  *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the

amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal.)

15. The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979. The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry* 601 F.2d at 486-88).

16. Upon the face of Plaintiff's Petition, it clearly establishes that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17. Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

18. Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

19. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Date:  July 23, 2015              Facsimile:    (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com
**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

__ X __    I hereby certify that on the 24th day of July, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mr. Joe Carson
joe@warhawklegal.com
**WARHAWK LEGAL**
1000 W. Wilshire Blvd., Suite 230
Oklahoma City, OK 73116
**ATTORNEY FOR PLAINTIFF**

_____    I hereby certify that on the _____ day of _____, 2015, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

                               s/Joseph T. Acquaviva, Jr.
                               Joseph T. Acquaviva, Jr.